#26

05cv270 ruling
5/15/06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2006 MAY 15 A 9:30

CA 06 264T

| | | |
|---|---|---|
| DAVID RUTKOWSKI<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.<br>3-05-CV-270 (JCH) |
| PROVIDENCE COLLEGE,<br>Defendant | : | |
| | : | MAY 15, 2006 |

**RULING ON PLAINTIFF'S MOTION TO VACATE ORDER [DOC. NO. 21] AND RECONSIDERATION OF MOTION TO DISMISS [DOC. NO. 15]**

## I. INTRODUCTION

The plaintiff, David Rutkowski, brought the instant action against the defendant, Providence College ("the College"), for injuries Rutkowski sustained when he fell down in building on the College's campus. This court previously granted a motion to dismiss by the College [Doc. No. 15], having received no opposition from Rutkowski. See Ruling Granting Motion to Dismiss [Doc. No. 20].

The plaintiff now moves the court to vacate its order granting the defendant's motion to dismiss for lack of personal jurisdiction. The plaintiff alerts the court that it attempted to file a motion for an enlargement of time in which to respond to the motion to dismiss, but that its motion was returned by the clerk's office because it was erroneously titled "Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment," and no motion for summary judgment was pending. The court notes that this motion for enlargement of time was dated January 24, 2006, and the plaintiff's response to the motion to dismiss was due on January 9, 2006, following the court's order granting the plaintiff's first request for an extension. Nevertheless, it will

vacate and reconsider its previous motion to dismiss ruling because the January 24 motion for enlargement of time represented that the defendant concurred therein, and the defendant has not represented otherwise to the court.

## II. STANDARD OF REVIEW

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (internal citation omitted). "Where a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Id. "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir.2001) (internal citations and quotation marks omitted). "[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Id. (internal citation and quotation marks omitted).

## III. FACTS[1]

Rutkowski brings the present negligence action against Providence College. Rutkowski is a citizen of Connecticut. He is the parent of a Providence College student, although he himself has never been a student at the College.

---

[1]In this section, the court states those relevant facts of which the plaintiff has made a prima facie showing. It states these facts in the light most favorable to the plaintiff, resolving doubts in the plaintiff's favor. See Part II, supra.

The College "recruits and admits students from all states, including Connecticut. Frazier Aff. ¶ 6, Plf.'s Mem. Opp. Mot. Dismiss [hereinafter Plf.'s Mem.] Ex. A [Doc. No. 24-2]. For each of the last five years, it has sent several admissions officers to Connecticut high schools and college fairs. The College mails thousands of applications to Connecticut each year. Id. Ex. B at 3. Approximately 16% of the students in each College class, from that graduating in 2003 to that graduating in 2005, have been from Connecticut.

The College does not advertise in Connecticut by way of newspaper, radio, or television and does not generally run promotions in Connecticut. College's Response to Interrogatories at 2, Plf.'s Mem. Ex. B [Doc. No.24-2]. It does encourage prospective students who live in Connecticut to visit the college's campus in Rhode Island. Id.

The College publishes a magazine known as Providence Digest. In the year 2005, it distributed 5283 copies of this magazine to Connecticut. Id. at 4-5.

## IV. DISCUSSION

To determine whether it has personal jurisdiction over the College, a court generally first asks whether the Connecticut Long-Arm statute would reach the defendant. See Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995). If the court finds that the answer to that question is yes, it then considers whether the application of the long-arm statute to the defendant offends federal constitutional due process. Id. In the present case, however, the court does not reach the question of whether the College is within reach of the long-arm statute, because it finds that constitutional due process would prevent the court from asserting personal jurisdiction over the College.

"The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp, 84 F.3d 560, 567 (2d Cir. 1996). First, the court must "determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Minimum contacts may involve either general or specific jurisdiction; that is, due process requires "that the foreign defendants either have engaged in continuous and systematic activities in the forum or that they have purposefully directed their activities at residents in the form and the litigation results from alleged injuries that arise out of or relate to those activities." FDIC v. Milken, 781 F.Supp. 226, 229 (S.D.N.Y.1991) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The "reasonableness" test is related to the minimum contacts analysis and "asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable under the circumstances of the particular case." Metropolitan Life, 84 F.3d at 568 (quoting Int'l Shoe, 326 U.S. at 316).

"For the purposes of defining 'specific' jurisdiction, federal courts, [unlike Connecticut courts,] have construed the words 'arising out of' to require some sort of causal connection between the defendant's forum contacts and the plaintiff's injuries." Thomason, 234 Conn. at 287. Rutkowski has not provided any evidence, and does not allege in his complaint, that he or his daughter was personally solicited by the College while in Connecticut, nor that any other activity by the defendant in the forum state was the cause in fact or legal cause of his injury in Rhode Island. He has failed to make a

prima facie showing of a causal connection.

A plaintiff may establish general jurisdiction by showing that the defendant has "continuous and systematic general business contacts" in the forum state. Metropolitan Life, 84 F.3d at 568. Whether the plaintiff has made this showing is a fact-specific inquiry. Id. at 570. In determining whether the defendant has sufficient contacts to subject it to general jurisdiction, the court considers its contacts as a whole. Id. at 570-71. The plaintiff's argument that this court should exercise general jurisdiction over the College is premised entirely on the activities discussed in Part III of this ruling.

Due to the fact-specific nature of the minimum contacts inquiry, it is helpful to consider previous court rulings that addressed facts similar to those before the court. The Second Circuit has not addressed the issue of whether an institution of higher education may be subject to general jurisdiction on the basis of solicitation of forum state students in person and by mail and distribution of general information in a forum state. The Third Circuit has found insufficient contacts where a school placed advertisements in national newspapers, six percent of matriculating students were from the forum state, representatives of defendant took a single media tour that passed through the state, in which they generally promoted the school but did not solicit students, and the school established a joint program with an institution in the forum state but did not provide educational services in that state. Gehling v. St. George's Sch. of Medicine, Ltd., 773 F.2d 539 (3d Cir. 1985); see also Severinsen v. Widener Univ., 338 N.J.Super. 42, 51-53 (2001) (interpreting Gehling to prohibit general jurisdiction over an educational institution even where the institution conducted continuous and systematic solicitations of students); Gallant v. Trustees of Columbia

Univ., 111 F.Supp.2d 638, (E.D.Pa. 2000) (holding that contacts more extensive than those in Gehling, including "fund raising and recruitment activities" as well as other unrelated contacts, were insufficient to confer general jurisdiction because they "are those in which any nationally prominent university would engage" and would subject such universities to jurisdiction in most or all states); Antoine, No. CV030473601, 2003 WL 22481407, at *4 (Conn.Super. Oct. 20, 2003) (quoting Severinsen).

In light of these cases, the court finds a close question as to whether the contacts present in this case would reach the minimum threshold for general jurisdiction. However, even if it were to assume the contacts were sufficient for purposes of the minimum contacts inquiry, the court finds that exercising general jurisdiction over the College would not satisfy the "reasonableness" requirement.

> Once a plaintiff has demonstrated the requisite minimum contacts between the defendant and the forum state, a court is required to continue to the "reasonableness" stage of the inquiry and apply the five-factor test of Asahi[Metal Industry Co. v. Superior Court, 480 U.S. 102, 113 (1987)], to assess whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice.

Metropolitan Life, 84 F.3d at 573. The five factors are:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

Id. at 568 (citing Asahi, 480 U.S. at 113-14). "Where a plaintiff makes a threshold showing of the minimum contacts required for the first test, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,

304 F.3d 120, 129 (2d Cir. 2002) (internal citation and quotation marks omitted). Because the contacts present in this case, if sufficient to confer general jurisdiction, are just barely sufficient, the reasonableness inquiry is particularly significant. See id. ("The import of the reasonableness inquiry varies inversely with the strength of the minimum contacts showing . . . ."); Metropolitan Life, 84 F.3d at 568.

Turning to the first factor, the College has made no compelling case that requiring it to defend against a suit in Connecticut will unduly burden it. The College is located in close geographical proximity to Connecticut, it appears to regularly send representatives to Connecticut, and it has made no showing that requiring it to defend in Connecticut, rather than Rhode Island, would impose financial hardship upon it. The second factor cuts in favor of the exercise of jurisdiction. "Connecticut has an interest in providing a forum to its citizens who seek redress for injuries arising from occurrences in other states." Mallon v. Walt Disney World Co., 42 F.Supp.2d 143, 145 (D.Conn. 1998). The third factor, the plaintiff's interest in obtaining convenient and effective relief, is supportive of an exercise of jurisdiction but is of limited weight because of the geographical proximity of Connecticut to Rhode Island. In evaluating the fourth factor, "courts generally consider where witnesses and evidence are likely to be located. Metropolitan Life, 84 F.3d at 574. Considering that the accident occurred in Rhode Island, this factor favors the College.

Turning to the last factor, the shared interest of the states in furthering substantive social policies, the defendant argues that to subject the College to jurisdiction in Connecticut would require that all schools that recruit nationally be subjected to personal jurisdiction across the country. Although the court is not

convinced that finding jurisdiction in this particular case would require every school that recruits nationally to be subject to general jurisdiction in every state, it does agree that most states have a shared substantive social policy of supporting non-profit educational institutions, and that this factor is not present in the case of a corporation such as Walt Disney. See, e.g., Mallon, 43 F.Supp.2d at 145. The few courts that have addressed this issue appear to agree that "traditional notions of fair play and substantial justice strongly militate against holding that 'a non-profit educational institution renders itself subject to service of process in every state of the union from which it may seek or attract outstanding . . . scholars.'" Antoine, 2003 WL 22481407, at *4 (quoting Severinsen, 338 N.J.Super. at 54 (quoting Cassell v. Loyola Univ., 294 F.Supp. 622, 624 (E.D.Tenn. 1968); see Gallant, 111 F.Supp. at 641-42; see also Gehling, 773 F.2d at 542 (expressing concern about the possibility of subjecting advanced educational institutions to suit in every state in which students reside); Sherer v. Curators of the Univ. of Missouri Law School Admission Council, 152 F.Supp.2d 1278, 1283-84 (D.Kansas 2001) (collecting cases holding that a court did not have general jurisdiction over out-of-state schools merely because they may draw students from, direct fundraising efforts towards, or have alumni contacts in the forum state).

Although the court recognizes that the plaintiff would gain a slight increase in convenience by prosecuting his action in Connecticut and that Connecticut has an interest in protecting the rights of its citizens, the concerns of promoting a shared social policy and judicial efficiency, and, to a lesser extent, avoiding burden on the defendant outweigh these factors. The court concludes, in light of this analysis and the marginal nature of the defendant's contacts, that subjecting the College to this court's jurisdiction

would offend "traditional notions of fair play and substantial justice." It therefore finds that it lacks personal jurisdiction over the College.

### C. Transfer of Jurisdiction

The plaintiff asks the court to transfer this case to the District of Rhode Island rather than dismissing it. The court has authority to transfer the case even though it lacks personal jurisdiction. Fort Knox Music v. Baptiste, 257 F.3d 108, 111-12 (2d Cir. 2001) (discussing transfer pursuant to 28 U.S.C. § 1404(a)); Open Solutions Imaging Sys., Inc. v. Horn, No. 3:03 CV 2077 JBA; 2004 WL 1683158, at *7 n.9 (D.Conn. July 27, 2004) (discussing transfer pursuant to 28 U.S.C. § 1406(a)).

Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The criteria generally used to determine whether transfer is appropriate include:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

U.S. Surgical Corp. v. Imagyn Medical Technologies, Inc., 25 F.Supp.2d 40, 46 (D.Conn.1998). The operative facts in this case appear to have taken place in Rhode Island, and the court has been made aware of no sources of proof and no witnesses other than the plaintiff located outside of Rhode Island. Therefore, factors (1), (2), (4), and (5) favor a transfer. Transfer would be convenient for the defendant. For the

plaintiff, it is convenient as well, because the alternative is dismissal of the case. Thus, factor (3) favors transfer. Factor (6) is of little weight in this particular situation, because the alternative to transfer is dismissal. This case would be governed by Rhode Island tort law, so factor (7) weighs in favor of a transfer. Turning to factor (8), although the plaintiff's choice of forum was Connecticut, the court does not give this choice any weight when, as here, there is no jurisdiction. See Alden Corp. v. Eazypower Corp., 294 F.Supp.2d 233, 237 (D.Conn. 2003). Finally, trial efficiency and the interests of justice would support transfer, because a transfer would obviate the need for the plaintiff to refile in Rhode Island, and eliminate unnecessary waste of time and paperwork. The interests of justice strongly support transfer of this action.

## V. CONCLUSION

For the foregoing reasons the court GRANTS the plaintiff's motion to vacate its previous order on the defendant's motion to dismiss [**Doc. No. 21**]. Upon reconsideration of the defendant's motion to dismiss, it GRANTS the motion to dismiss [**Doc. No. 15**]. It finds that it lacks personal jurisdiction over the defendant and ORDERS that the case be transferred to the United States District Court for the District of Rhode Island.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of May, 2006.

Janet C. Hall
United States District Judge

I Hereby certify that the forgoing is a true copy of the original document on file. Date: 5-26-06
Kevin F Rowe
Clerk
By
Deputy Clerk