UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID RUTKOWSKI, Plaintiff, v. PROVIDENCE COLLEGE, Defendant. | No: 1:06-cv-00264-T-DLM |

**ANSWER**

The defendant, Providence College (the "College"), hereby answers the correspondingly numbered paragraphs of the Complaint as follows:

**Jurisdiction, Venue and Parties**

1. The College is without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint. The College, therefore, denies those allegations.

2. The College admits the allegations contained in Paragraph 2.

3. Paragraph 3 of the Complaint sets forth a legal conclusion to which no answer is required. To the extent that this Paragraph makes factual allegations, the College is without sufficient information to admit or deny those allegations. The College, therefore, denies those allegations.

4. Paragraph 4 of the Complaint sets forth a legal conclusion to which no answer is required. To the extent that this Paragraph makes factual allegations, the College is without sufficient information to admit or deny those allegations. The College, therefore, denies those allegations.

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no answer is required. To the extent that this Paragraph makes factual allegations, the College is without sufficient information to admit or deny those allegations. The College, therefore, denies those allegations.

**FIRST COUNT**

1. It is admitted that on August 31, 2003, the Plaintiff fell while descending the staircase from the student center known as Slavin Center. Except as specifically admitted above, the allegations in Paragraph 1 of the First Count of the Complaint are denied.

2. The College denies all allegations in Paragraph 2 of the First Count of the Complaint.

3. The College is without sufficient information to admit or deny the allegations in Paragraph 3 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

4. The College is without sufficient information to admit or deny the allegations in Paragraph 4 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

5. The College is without sufficient information to admit or deny the allegations in Paragraph 5 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

6. The College is without sufficient information to admit or deny the allegations in Paragraph 6 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

7. The College is without sufficient information to admit or deny the allegations in Paragraph 7 of the First Count of the Complaint, including any incident that allegedly occurred on or about August 31, 2002. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

8. The College is without sufficient information to admit or deny the allegations in Paragraph 8 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

9. The College is without sufficient information to admit or deny the allegations in Paragraph 9 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

10. The College is without sufficient information to admit or deny the allegations in Paragraph 10 of the First Count of the Complaint. The College, therefore, denies those allegations. To the extent that any alleged negligence by the College is alleged to be the proximate cause of Plaintiff's injuries, the College denies those allegations.

The Paragraph following Paragraph 10 of the First Count of the Complaint is a demand for judgment to which no answer is required. To the extent that this Paragraph makes factual allegations, the College denies those allegations.

## AFFIRMATIVE DEFENSES

### First Defense

The College lacked notice of a defective condition, if any.

### Second Defense

The Plaintiff was injured, if at all, due to the negligence of a person or party over whom the College had no control.

### Third Defense

The Plaintiff was injured, if at all, due to his own negligence, subjecting his claim to the operation of R.I. Gen. Laws § 9-20-4.

### Fourth Defense

Any defective condition alleged by Plaintiff was open and obvious.

### Fifth Defense

Plaintiff failed to mitigate his damages.

### Sixth Defense

Plaintiff's injuries resulted from dangers for which he assumed the risk.

**Seventh Defense**

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Providence College respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice, and enter judgment on its behalf, along with any other relief the Court deems necessary and proper.

Respectfully submitted,

PROVIDENCE COLLEGE,

By its attorneys,

Stephen T. Armato /cm

Dated: June 19, 2006

Stephen T. Armato, R.I. Bar No. 6395
Cetrulo & Capone LLP
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

Of Counsel:
James E. Carroll
C. Alexa Abowitz
Carl E. Fumarola, R.I. Bar No. 6980
CETRULO & CAPONE LLP
2 Seaport Lane, 10th Floor
Boston, MA 02210
Tel: 617-217-5500
Fax: 617-217-5200

**CERTIFICATE OF SERVICE**

I, Stephen T. Armato, hereby certify that on this 19th day of June 2006, I caused the foregoing Answer in the above-captioned case to be served by first-class mail, postage pre-paid, upon the following counsel of record in this case:

Gerald S. Sack, Esq.
Law Offices of Gerald S. Sack
836 Farmington Avenue, Suite 220
West Hartford, CT 06119

Stephen T. Armato



01750-0003
637828v3