**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID RUTKOWKSI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO.: 1:06-CV-00264-T-DLM |
| v. | : | |
| | : | |
| PROVIDENCE COLLEGE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM REQUIREMENTS OF FED. R. CIV. P. 26 (a)(2) AS TO TREATING HEALTH CARE PROVIDERS AND INDEPENDENT MEDICAL EXAMINERS**

Defendant, Providence College (the "College"), hereby files its opposition to Plaintiff's Motion for Partial Relief From Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners ("Plaintiff's Motion.")

## I. INTRODUCTION

Plaintiff has requested that this Court exempt it from certain requirements listed in Fed. R. Civ. P. 26(a)(2)(B). Providence College objects to that request for two reasons. First, Plaintiff's Motion is so vague that the College cannot tell exactly from which requirements of 26(a)(2)(B) plaintiff seeks exemption. Second, Fed. R. Civ. P. 26(a)(2)(B) requires the production of certain information about experts for a reason: so parties are fully prepared and can perform an effective cross examination. The College is concerned that, without the information rightly allowed to it by the Rule, its examination of any medical expert will be incomplete.

## II. ARGUMENT

### A. Plaintiff's Motion is Vague.

Plaintiff states that he seeks to be partially excused from compliance with Fed. R. Civ. P. 26(a)(2)(B) (the "Rule"), but he does not say specifically which parts of the rule he will comply with and which he will not. For example, if plaintiff's medical experts will prepare a report in the form contemplated by the Rule, then the report contains everything from the expert's opinion to the list of all previous cases in which the expert has testified in the previous four (4) years. Moreover, it is unclear from Plaintiff's Motion whether he contemplates that the parties will remain able to depose any medical experts.

From Plaintiff's Motion, the College has no way of knowing definitively what information it will be receiving from plaintiff's experts. Consequently, Plaintiff's Motion is too vague and the Court should deny it.

### B. The Information Allowed by the Rule Facilitates Effective Cross-Examination of Experts.

Presumably, plaintiff seeks to exempt his treating physicians from providing a list of their qualifications, including a list of all publications authored in the previous ten (10) years; the compensation they have been paid for study and testimony; and a listing of all other cases in which they have provided testimony in the last four (4) years. Yet, this is precisely the kind of information, as the Comment to the Rule notes, that assists counsel in preparing useful cross-examination.

The Federal Rules of Civil Procedure were amended in 1993, in part, to streamline the exchange of information between the parties. See Comment, 1993 Amendments, Fed. R. Civ. P. 26. The Comment also notes that the disclosure of expert

information is designed to allow the parties to have reasonable opportunity to prepare for effective cross examination.

If plaintiff intends to call his treating physicians as experts (such as the term is contemplated by Fed. R. Evid. 702), then those experts should be obliged to provide all the information required by the Rule.

## III. CONCLUSION

For all these reasons, Providence College hereby requests that plaintiff's Motion be denied.

Respectfully submitted,

PROVIDENCE COLLEGE,

By Its Attorneys,

__/s/ Stephen T. Armato______

Dated: Sept. 25, 2006

Stephen T. Armato, (6395)
CETRULO & CAPONE LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

## CERTIFICATE OF SERVICE

I hereby certify that on this date, 25th day of September, a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26 (a)(2) as to Treating Health Care Providers and Independent Medical Examiners was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECT System.

__/s/ Stephen T. Armato_________
Stephen T. Armato (6395)