UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RUTKOWSKI | : | CIVIL ACTION NO. |
| VS. | : | 3:05-cv-00270 |
| PROVIDENCE COLLEGE | : | SEPTEMBER 28, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM REQUIREMENTS OF FED. R. CIV. P. 26(a)(2) AS TO TREATING HEALTH CARE PROVIDERS AND INDEPENDENT MEDICAL EXAMINERS**

Despite what is stated in the Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure, specifically the Notes concerning Rule 26(a)(2)(B), and despite the case law applying Rule 26 since the 1993 amendments, plaintiff, in an excess of caution, filed the "Motion for Partial Relief" before the court to be sure that, at trial, he would not be met with an objection that his treating physician's testimony was precluded due to the failure to comply with the "report" and corollary requirements of Rule 26(a)(2)(B).

Having proceeded conservatively, and with a "heads up" to defense counsel, plaintiff has now been met with an objection. This objection is without merit for the reasons set out below.

Defendant makes two arguments in opposition to plaintiff's motion.

First, defendant complains that the motion is vague. That is hardly the case. What plaintiff sought (and seeks) is to be exempt from the Rule 26(a)(2)(B) requirements as to reports, lists of prior testimony, and the like, but to be obligated, in fairness, to provide defendant with a summary of the treating physicians' opinions, and a copy of the treating physicians' "CV", if available.

Plaintiff, again in fairness, agrees to the same conditions for "IME" physicians should defendant choose to have plaintiff examined.

Defendant's second objection is based on its contention that it is entitled to the disclosure of the information called for by Rule 26(a)(2)(B), namely, the report, prior testimony lists, and the like because, unless plaintiff provides such information, its opportunity to cross examine the treating physicians will be curtailed. The law does not support this objection.

The Advisory Committee Notes to Rule 26 may clear that the intent of the rule is to govern disclosure of the opinions of "...persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony..."; see Wright & Miller, Federal Practice and Procedure, Vol. 8, Chapter 6, p. 29, quoting the official Advisory Committee Notes. These notes go on to state that the requirements of Rule 26(a)(2)(B) do not apply to treating physicians. "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Id., p. 30.

Cases applying this commentary are legion. See cases collected at Wright & Miller, Federal Practice and Procedure, Vol. 8, §2031.1, Fn. 6; Tech v Hudson City School District, 100 F. Supp. 2d 118 (N.D.N.Y. 2000).

For these reasons, plaintiff requests that his motion be granted.

PLAINTIFF:
David Rutkowski

By_____/s/Gerald S. Sack______________

Gerald S. Sack
Federal Bar No. ct05279
Law Offices of Gerald S. Sack, LLC
836 Farmington Avenue
West Hartford, CT 06119
(860) 236-7225
gssack@sacklawoffice.com

**CERTIFICATION**

I hereby certify that on this date a copy of the foregoing "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Gerald S. Sack
Gerald S. Sack (ct05279)