UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID RUTKOWSKI, Plaintiff, | : | |
| v. | : | CA 06-264 T |
| PROVIDENCE COLLEGE, Defendant. | : | |

**ORDER**
**DENYING**
**MOTION FOR PARTIAL RELIEF**

Before the Court is Plaintiff's Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners (Document #4) ("Motion"). The Court has determined that no hearing is necessary.

The extent to which Fed. R. Civ. P. 26(a)(2)(B) does not apply to treating physicians depends upon the nature of the testimony they will be providing. See Navrude v. United States, No. C01-4039-PAZ, 2003 WL 356091, at *7 (N.D. Iowa Feb. 11, 2003)("A key factor in determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is 'the scope of the proposed testimony.'")(quoting Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995)); see also Sowell v. Burlington N. & Santa Fe Ry. Co., No. 03 C 3923, 2004 WL 2812090, at *3 (N.D. Ill. Dec. 7, 2004)(noting "difference of opinion among the district courts as to whether a treating physician must provide a Rule 26(a)(2)(B) report when the physician's anticipated testimony goes beyond his or her observations, diagnosis or treatment and is expected to include opinions on issues such as causation, prognosis and permanency"); Navrude v. United States, 2003 WL 356091, at *7 ("The trial court has the discretion to limit or prohibit a treating physician's opinion testimony that

goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony."); Peck v. Hudson City Sch. Dist., 100 F.Supp.2d 118, 121 (N.D.N.Y. 2000)("However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B).").

Plaintiff has not indicated in his Motion or memoranda the scope of the testimony to be provided by the health care providers and independent medical examiners for whom he seeks exemption from the requirements of Rule 26(a)(2)(B), nor has he disclosed whether such health care providers and independent medical examiners are specifically retained for the purpose of giving opinion testimony. Accordingly the Motion is DENIED.

ENTER:

David L Martin

DAVID L. MARTIN
United States Magistrate Judge
October 5, 2006

BY ORDER:

Deputy Clerk