**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID RUTKOWKSI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO.: 1:06-CV-00264-T-DLM |
| v. | : | |
| | : | |
| PROVIDENCE COLLEGE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S SUPPLEMENT TO ITS OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR PARTIAL RELIEF FROM REQUIREMENTS OF FED. R. CIV. P. 26 (a)(2) AS TO TREATING HEALTH CARE PROVIDERS AND INDEPENDENT MEDICAL EXAMINERS**

Defendant, Providence College (the "College"), hereby files this supplement in response to Plaintiff's filing of November 14, 2006 in further support of his Amended Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) ("Plaintiff's Motion").

## I. INTRODUCTION

This is a personal injury case. Plaintiff, David Rutkowski, claims he was visiting the Providence College campus when he fell down a flight of stairs and sustained a ruptured quadriceps tendon. John P. Fulkerson, M.D. has opined that this injury left Mr. Rutkowski with 7.5% disability. Despite the obvious importance of that finding to this case, plaintiff's motion, in effect, seeks to preclude the College from preparing a thorough cross examination of the opining doctor.

## II. ARGUMENT

On the eve of hearing on this matter, plaintiff makes it clear for the first time that he seeks to be excused from the majority of the expert disclosure requirements. Indeed,

plaintiff has stated that he wishes his experts even to be excused from providing "[a] written report containing a complete statement of all opinions and reasons therefore." (Plaintiff's Supplement, p. 1.) Nor does plaintiff wish to provide the witnesses' qualifications, compensation, list of exhibits to be offered in support of any opinion or a listing of other cases in which any witness has testified. (Id.) Should the Court grant plaintiff's motion Providence College will be left with no information about the expert except his opinion itself and certain medical records containing the opinion. This is simply not sufficient to allow the College to prepare an effective cross examination.

"Recognizing the importance of expert testimony in modern trial practice, the Civil Rules provide for extensive pretrial disclosure…" Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). The disclosure is "consonant with the federal court's desire to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." United States v. Proctor & Gamble Co., 365 U.S. 677, 683 (1958). Courts have recognized that "[e]ffective cross examination of an expert witness requires advance preparation." See, e.g., Johnson v. H.K. Webster, Inc., 775 F.2d 1, 7 (1st Cir. 1985)(state statute at issue later superseded).

Cross examination of expert witnesses focuses not just on the witness' opinions. It explores the witness' qualifications to assess suitability as an expert and experience in the field of testimony. But plaintiff has asked not to disclose his expert witnesses' qualifications. Cross examination of an expert witness also explores the witness' previous testimony or writings in this area to assess consistency and to divine patterns. But plaintiff has asked not disclose prior publications or other testimony. Cross examination of an expert witness also looks to establish a bias, often with a query as to

the amount of any payment, the frequency of an expert's testimony for one side or the other, or for one particular attorney. Plaintiff has asked to be excused from providing any of this information.

In sum, plaintiff has asked to be excused from providing defendants with the very information it will need to prepare a thorough and nuanced cross examination. Plaintiff should not be allowed to offer this testimony, one of the pillars of his case, and, at the same time, block defendant's access to the information it needs to challenge it successfully.

## III. CONCLUSION

For all these reasons, and for those expressed in papers previously filed with the Court on this issue, Providence College hereby requests that plaintiff's Motion be denied.

Respectfully submitted,

PROVIDENCE COLLEGE,

By Its Attorneys,

/s/ Stephen T. Armato

Dated: November 17, 2006

Stephen T. Armato, (6395)
CETRULO & CAPONE LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, 17th day of November, 2006, a copy of the foregoing Defendant's Supplement in Support of its Opposition to Plaintiff's Amended Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26 (a)(2) as to Treating Health Care Providers and Independent Medical Examiners was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECT System.

__/s/ Stephen T. Armato________
Stephen T. Armato (6395)



01750-0003
707908v1