UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID RUTKOWSKI, Plaintiff,

v. : CA 06-264 T

PROVIDENCE COLLEGE, Defendant.

**MEMORANDUM AND ORDER**
**GRANTING IN PART**
**AMENDED MOTION FOR PARTIAL RELIEF**
**FROM REQUIREMENTS OF RULE 26(a)(2)**

Before the Court is Plaintiff's Amended Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners (Document ("Doc.") #9) ("Amended Motion"). A hearing on the Amended Motion was conducted on November 20, 2006.

As drafted, the Amended Motion requests "that the parties be partially excused from compliance with Fed. R. Civ. P. Rule 26(a)(2)(B) as to treating physicians,[1] health care providers comparable to treating physicians, such as physical therapists and psychologists, and as to independent medical examiners." Amended Motion at 1. Plaintiff David Rutkowski ("Plaintiff") represents that "the treating physicians in this case were not retained or specially employed for purposes of litigation and will be providing testimony as to history taken, observations and findings, test results, diagnosis, treatment rendered, causation,

[1] Although the Amended Motion refers to "treating physicians," Amended Motion at 1, Plaintiff clarified at the November 20, 2006, hearing that John Fulkerson, M.D. ("Dr. Fulkerson"), is the only witness for whom Plaintiff seeks exemption. See Tape of 11/20/03 hearing.

permanency/impairments and prognosis, including expected future medical costs, if applicable." Id. at 2. In a supplement,[2] Plaintiff indicates that he seeks to be excused from all the requirements of Fed. R. Civ. P. 26(a)(2) except disclosure of the data or other information considered by the witness in forming opinions and the time period set forth in the Rule. See Plaintiff's Supplement to Plaintiff's Amended Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners (Doc. #17) ("Plaintiff's Supp.").

"[T]here are widely divergent views within the federal courts on whether a treating physician providing expert testimony is required to provide an expert report in advance of testifying under Rule 26(a)(2)(B)." Kirkham v. Société Air France, 236 F.R.D. 9, 11 (D.D.C. 2006)(citing cases). A majority of courts "have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment." Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998); see also Kirkham, 236 F.R.D. at 12 n.3; Garcia v. City of Springfield Police Dep't, 230 F.R.D. 247, 249 (D. Mass. 2005)(citing Sprague); McCloughan v. City of Springfield, 208 F.R.D. 236, 242 (C.D. Ill. 2002) (following "majority rule ... that [plaintiff's] treating physicians may offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report"); cf. Wittner v. Sec'y of Dep't of Health & Human Servs., 43 Fed. Cl. 199, 206 n.7 (Fed. Cl. 1999) ("plaintiff[']s plan to elicit testimony from the treating

---

[2] The supplement was filed in compliance with the Notice of Hearing and Order for Supplementation (Doc. #15) entered by the Court on November 7, 2006.

physicians ... as to causation [of plaintiff's injuries] does not bring those witnesses within the strict disclosure requirements of Rule 26(a)(2)(B)")(quoting Salas v. United States, 165 F.R.D. 31, 34 (W.D.N.Y. 1995))(third alteration in original); Osterhouse v. Grover, No. 3:04-cv-93-MJR, 2006 WL 1388841, at *3 (S.D. Ill. May 17, 2006)(finding that plaintiff did not have to provide Rule 26(a)(2)(B) reports for treating physicians and stating that "[t]he doctors' testimony regarding causation and/or prognosis also do[es] not elevate these doctors to specially employed"); Philbert v. George's Auto & Truck Repair, No. 04-CV-405 (DRH), 2005 WL 3303973, at *1, (N.D.N.Y. Dec. 6, 2005)(stating that the report required by Rule 26(a)(2)(B) for a specially retained expert does not apply to a treating physician); id. at *2 (explaining that "[g]enerally, a treating physician must form an opinion on causation and permanency, or prognosis, to determine the nature of the injuries, the proper course of treatment, and when further treatment no longer remains necessary or useful"); Navrude v. United States, No. C01-4039-PAZ, 2003 WL 356091, at *7 (N.D. Iowa, Feb. 11, 2003)(drawing "a distinction between 'hired guns' who examine a patient or a patient's records for purposes of litigation, and treating physicians whose opinion testimony 'is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial'")(quoting Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D. Colo. 1995)); Zurba v. United States, 202 F.R.D. 590, 592 (N.D. Ill. 2001) (rejecting contention that a treating physician's opinion about causation and permanency is necessarily outside the scope of his treatment of plaintiff and stating that "[d]eveloping an opinion as to the cause of the patient's injury based on a physical examination ... is a necessary part of treatment and does not make the treating physician an expert")(internal quotation marks

omitted)(second alteration in original).

On the other hand, a minority of courts have concluded that a treating physician may not testify as to the issues of causation or permanency without first providing a Rule 26(a)(2)(B) report. See Garza v. Roger Henson Trucking L.L.C., No.7:05CV5001, 2006 WL 1134911, at *3 (D. Neb. Apr. 26, 2006) ("[W]hen causation, prognosis or future disability are in dispute, the proposed expert witness (including a treating physician) must provide the information required by Fed. R. Civ. P. 26(a)(2)(B) ...."); Griffith v. Northeast Illinois Reg'l R.R. Commuter Corp., 233 F.R.D. 513, 518 (N.D. Ill. 2006)(same); McCloughan v. City of Springfield, 208 F.R.D. 236, 241 (C.D. Ill. 2002)(citing cases so holding with regard to causation); see also Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006) ("When the treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report.")(internal quotation marks omitted); Taylor v. United States, No. 2:04-CV-128, 2006 WL 319027, at *3 (E.D. Tenn. Feb. 9, 2006)(concluding "that the better practice is to make a Rule 26(a)(2)(B) disclosure whenever a treating physician offers an opinion beyond that formed within the scope of his treatment"); Sowell v. Burlington N. & Santa Fe Ry. Co., No. 03 C 3923, 2004 WL 2812090, at *4 (N.D. Ill. Dec. 7, 2004)(concluding "that the requirement of a report for opinions on causation, permanency and prognosis is the better approach").

After reviewing the above and other cases, the Court finds that the opinion of District Judge Ponsor in Garcia v. City of Springfield Police Department, 230 F.R.D. 247 (D. Mass. 2005), is

well reasoned and persuasive.[3] Judge Ponsor concluded that he would allow treating physicians to testify regarding causation and prognosis in cases where (1) such testimony is based on the care-provider's personal knowledge and observations obtained during the course of care and treatment, and (2) the care-giver was not specifically retained for litigation or for trial. Id. at 249.

It appears to the Court that the testimony from Dr. Fulkerson, which Plaintiff seeks to present, satisfies both of the above requirements. The Complaint states that Plaintiff was injured on August 31, 2003, see Complaint (Doc. #1) at 2, and Plaintiff has submitted evidence that Dr. Fulkerson examined him

---

[3] Judge Ponsor began his analysis by observing that:

> The First Circuit has noted that the Advisory Committee Notes "specifically use the example of a treating physician to illustrate the sort of witness who ... need not be considered an expert for the purpose of submitting a report as part of pretrial discovery." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003). Judge Selya concluded that, "[b]y and large, courts have followed the Advisory Committee's lead and ruled that a treating physician, testifying as to his consultation with or treatment of a patient, is not an expert for purposes of Rule 26." Id.

Garcia v. City of Springfield Police Dep't, 230 F.R.D. 247, 248 (D. Mass. 2005)(alterations in original). As far as this Court can determine, Judge Selya's statements in Gomez are the closest the First Circuit has come to addressing the issue presently before this Court. They suggest that the instant motion should granted.

Judge Ponsor also cited the opinion of Magistrate Judge Muirhead in Sprague v. Liberty Mutual Insurance Co., 177 F.R.D. 78 (D.N.H. 1998), as an example of

> [t]he common rule ... that so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert witness report is not required.

Garcia, 230 F.R.D. at 249. This Court agrees with Judge Ponsor's interpretation of the relevant case law.

on September 2, 2003, only two days later, see 11/20/06 Hearing Exhibit ("Ex.") at 9.[4] According to Dr. Fulkerson's medical records, Plaintiff had "a clear rupture of the quadriceps tendon with palpable defect." Id. Plaintiff underwent surgery for this injury, see id. at 8, and was seen thereafter by Dr. Fulkerson in follow-up care, see id. at 4-7. Thus, it appears that any opinion Dr. Fulkerson may offer about causation, permanency, and degree of impairment will be based on his personal knowledge and observations obtained during the course of treatment. See id. Plaintiff has also represented that Dr. Fulkerson has not been retained or specially employed for purposes of litigation. See Amended Motion at 2. In addition, the fact that Dr. Fulkerson saw Plaintiff only two days after the injury is strong evidence that Plaintiff sought him out for purposes of treatment and not to assist in this lawsuit.

Although Defendant may question where or how Plaintiff sustained his injury, Defendant does not appear to question its causation (i.e., a fall or other trauma), and, thus, causation is not a hotly disputed issue in this case. Cf. Leathers v. Pfizer, Inc., 233 F.R.D. 687, 698-99 (N.D. Ga. 2006)(finding that treating physician's statement that "[i]t is generally recognized in the medical community that Lipitor and other drugs in its class have side effects which include muscle problems such as myalgias and myopathy" to be an opinion relating to general causation and not a statement of a treating physician but rather of a retained or specially employed expert under Rule 26(a)(2)(B)). While Defendant may dispute Dr. Fulkerson's finding that Plaintiff has "a permanent partial disability

[4] At the November 20, 2006, hearing Plaintiff's counsel presented the Court with copies of Plaintiff's medical records and a letter from Dr. Fulkerson, all of which reflected treatment by Dr. Fulkerson. The documents, consisting of nine pages including the cover page, have been designated as a hearing exhibit (Doc. #19).

[amounting to] 7.5% of loss of the right lower extremity," 11/20/06 Hearing Ex. at 3, I do not find that this assessment as to permanency and degree of impairment elevates him to the level of an expert witness for whom a report pursuant to Rule 26(a)(2)(B) is required, see Osterhouse v. Grover, No. 3:04-cv-93-MJR, 2006 WL 1388841, at *3 (S.D. Ill. May 17, 2006); see also Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998)(following majority view that Rule 26(a)(2)(B) report not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on treatment).

Accordingly, the Amended Motion is GRANTED to the extent that Plaintiff shall not be required to provide an expert witness report pursuant to Fed. R. Civ. P. 26(a)(2)(B) for Dr. Fulkerson.[5] This ruling does not exempt Plaintiff from complying with the other requirements of Rule 26(a)(2) regarding expert witnesses or with paragraph 3 of the Scheduling Order - Nonjury Case which was entered on October 23, 2006.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 28, 2006

BY ORDER:

Deputy Clerk

---

[5] Plaintiff filed his supplemental memorandum as a separate motion. Although the Court treats that document as a memorandum, Plaintiff's denomination of the document as a motion requires that the Court rule upon it. Accordingly, Plaintiff's Supplement to Plaintiff's Amended Motion for Partial Relief from Requirements of Fed. R. Civ. P. 26(a)(2) as to Treating Health Care Providers and Independent Medical Examiners (Doc. #17) is GRANTED to the extent stated above.